UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CALVIN B. DIXSON, | ) | CASE NO. 3:16CV233 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| JASON BUNTING, | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| Respondent. | ) | |

This matter is before the undersigned on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Calvin B. Dixson ("Petitioner") on January 8, 2016. ECF Dkt. #1.[1] Jason Bunting, Warden of the Marion Correctional Institution, filed a return of writ on April 5, 2016. ECF Dkt. #5. Petitioner filed a traverse to Respondent's return of writ on May 5, 2017. ECF Dkt. #9. For the following reasons, the undersigned RECOMMENDS that the Court DISMISS Petitioner's petition for a writ of habeas corpus (ECF Dkt. #1) in its entirety with prejudice.

**I.      SYNOPSIS OF THE FACTS**

The Third District Court of Appeals, Seneca County, Ohio, set for the facts of this case on direct appeal. These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999). As set forth by the Third District Court of Appeals, the facts are:

---

[1] The filing date for a petition from an incarcerated *pro se* petitioner is the date the petition was handed over to the prison mail system, not the date it was received and docketed by the federal habeas court. *Houston v. Lack*, 487 U.S. 266, 270-72, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

> On July 28, 2013, Tyeesha Ferguson ("Ferguson"), Lisa Stowers ("Lisa"), and Danielle Stowers ("Danielle") were sitting in a car in front of a house at 245 Bannister Street in Fostoria. The house belonged to Ferguson's great-grandmother, who was dying. Ferguson lived there as well. Ferguson saw Dixson, who was her ex-boyfriend, approaching the car and told the others to lock the car. Danielle then got out of the car and went up to the house, leaving Ferguson and Lisa in the car. Dixson went up to the car, pulled out a gun and shot Lisa approximately nine times. Dixson then turned the gun toward Ferguson and fired it at her numerous times. Lisa was pronounced dead at the scene, but Ferguson was taken to the hospital and survived her injuries.

*State v. Dixson*, 3rd Dist. Seneca No. 13-13-53, 2014-Ohio-4539.

## II. PROCEDURAL HISTORY

On August 1, 2013, the Seneca County Grand Jury issued an indictment charging Petitioner with one count of aggravated murder, in violation of Ohio Revised Code ("O.R.C.") § 2903.01(A), and one count of attempted aggravated murder, in violation of O.R.C. § 2923.01 and O.R.C. § 2903.01(A). ECF Dkt. #5-1 at 4. Both counts carried firearm specifications. *Id.* The jury found Petitioner guilty as charged on all counts and specifications. *Id.* at 27-30. Petitioner was sentenced to life in prison without parole on the aggravated murder count and ten years in prison on the attempted aggravated murder count. *Id.* at 31. The trial court also imposed three years for each firearm specification. *Id.* All sentences were to be served consecutively for a total sentence of life without parole plus sixteen years. *Id.*

Petitioner filed a notice of appeal to the Third District Court of Appeals. ECF Dkt. #5-1 at 38. On October 13, 2014, the Third District Court of Appeals affirmed the judgment of the trial court. *Id.* at 152. Petitioner filed a timely notice of appeal to the Supreme Court of Ohio on November 17, 2014. *Id.* at 192. On December 4, 2014, the Supreme Court of Ohio dismissed the case for failure to prosecute with requisite diligence. *Id.* at 234. Petitioner filed an untimely notice of appeal to the Supreme Court of Ohio on January 14, 2015, indicating that his delayed filing was due to the mail delay caused by Thanksgiving. *Id.* at 235. On March 11, 2015, the Supreme Court of Ohio denied Petitioner's motion for a delayed appeal and dismissed the case. *Id.* at 283.

Petitioner filed an application in the Third District Court of Appeals to reopen his appeal pursuant to Ohio Appellate Rule ("Ohio App. R.") 26(B) on January 14, 2015. ECF Dkt. #5-1 at

284. On March 12, 2015, the Third District Court of Appeals denied Petitioner's application to reopen his appeal. *Id.* at 350. Petitioner then filed a motion to amend his application to reopen. *Id.* at 352. On April 15, 2015, the Third District Court of Appeals denied Petitioner's motion to amend, finding that the application to reopen pursuant to Ohio App. R. 26(B) had already been denied. *Id.* at 355. Petitioner did not appeal the denial of his application to the Supreme Court of Ohio.

### **III.** **FEDERAL HABEAS PETITION**

Petitioner filed his federal habeas petition pursuant to 28 U.S.C. § 2254 on January 8, 2016. ECF Dkt. #1. In the habeas petition, Petitioner asserts the following grounds for relief:

> GROUND ONE: The evidence was insufficient for convictions on each count and on each specification in the indictment denying Petitioner's right to a fair trial and due process. Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.
>
> GROUND TWO: The verdicts are against the manifest weight of the evidence and must be reversed. Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.
>
> GROUND THREE: The trial court erred failing to merge [Petitioner's] sentences, and sentencing [Petitioner] to consecutive sentences, and consecutive additional mandatory weapons sentences, and to a maximum sentence on aggravated murder. Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.
>
> GROUND FOUR: The sentencing held by the trial court failed to meet the criteria of O.R.C. 2929.11, 2929.12, 2953.08 in violation of Petitioner's right to due process under the Fourteenth Amendment to the United States Constitution.
>
> GROUND FIVE: The sentences of the trial court were excessive pursuant to the Eighth Amendment to the United States Constitution.
>
> GROUND SIX: The trial court erred in failing to give the jury instructions on lesser included offenses.
>
> GROUND SEVEN: The trial court erred in admitting autopsy photos in violation of th Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.
>
> GROUND EIGHT: The trail court erred in allowing text messages to be admitted into evidence under the Fourteenth Amendment to the United States Constitution.

> GROUND NINE: The photo arrays used by the police to obtain identification by Danielle Stowers and Robin Palmer were tainted and improperly suggestive in violation of U.S. Const. Amend. V and XIV, and Ohio Const. Art. 1, Sec. 10, and failed to comply with [O.R.C.] 2933.83 and the use of photo array testimony and evidence during trial was plain error in violation of Petitioner's right to due process under the Fourteenth Amendment to the United States Constitution.
>
> GROUND TEN: The prosecution committed prosecutorial misconduct in violation of Petitioner's Sixth and Fourteenth Amendment Rights to a Fair Trial and Due Process Rights.
>
> GROUND ELEVEN: Defendant received ineffective assistance from defense and appellate counsel which impacted his case and his appellate rights. Sixth and Fourteenth Amendments to the United States Constitution.
>
> GROUND TWELVE: The cumulative nature of all errors in the trial was so extensive that it was prejudicial to [Petitioner] and prevented [Petitioner] from having a fair trial pursuant to the Sixth and Fourteenth Amendments to the United States Constitution. [sic]

ECF Dkt. #1-1 at 1-19.

## IV. PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "[p]rocedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run from the latest of:

A. The date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;

B. The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action;

> C. The date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D. The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

### B. Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688–89 (2nd Cir. 1984)).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *cert. denied*, 509 U.S. 907 (1993).

In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031–32 (6th Cir. 2009). The Supreme Court has held that "the petitioner has the burden ... of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218–19 (1950), overruled in part on other grounds, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C.  **Procedural Default**

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 730. For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991)) (emphasis removed). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal

courts must rely upon the presumption that there are no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit established a four-pronged analysis to determine whether a claim has been procedurally defaulted under *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423–24 (1991). Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman*, 501 U.S. at 729–30; *Richey v. Mitchell*, 395 F.3d 660 at 678 (2005) (holding that "a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (holding that if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (holding that even if the issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises). Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d at 313–14. Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims:

> [T]hat were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel*, 301 F. Supp. 2d 698, 722 (N.D. Ohio 2004).

## V. STANDARD OF REVIEW

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion, and procedural default, the AEDPA governs this Court's review of the instant case because Petitioner filed the instant § 2254 federal habeas corpus petition well after the AEDPA's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir.1997), *cert. denied*, 522 U.S. 1112 (1998). Under § 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

-8-

529 U.S. 362, 412–13 (2000). Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*.; *see also Bailey v. Mitchell*, 271 F.3d 652, 655–56 (6th Cir. 2001).

The Sixth Circuit offers the following guidelines for applying the AEDPA limitations:

A. Decisions of lower federal courts may not be considered.

B. Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C. The state court decision may be overturned only if:

  1. It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal]; or

  2. The state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent'; or

  3. 'The state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case'; or

  4. The state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D. Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

> E. Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey*, 271 F.3d at 655–56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine*, 986 F.2d at 1514. The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## VI. ANALYSIS

Respondent filed the return of writ on April 5, 2016. ECF Dkt. #5. As an initial matter, Respondent notes that Petitioner raises the same twelve claims that were raised before the Third District Court of Appeals, with the addition of a new claim for ineffective assistance of counsel raised in Petitioner's eleventh ground for relief. *Id.* at 7. Continuing, Respondent asserts that Petitioner has procedurally defaulted the twelve claims as he failed to properly present the claims to the Supreme Court of Ohio. *Id.* Additionally, according to Respondent, Petitioner procedurally

defaulted the new claim for ineffective assistance of counsel by failing to appeal the decision of his Ohio App. R. 26(B) motion to reopen. *Id.*

Specifically, Respondent contends that Petitioner failed to fairly present his claims to the Supreme Court of Ohio because he failed to file a timely discretionary appeal or an appeal of his Ohio App. R. 26(B) motion to reopen. ECF Dkt. #5 at 10. Respondent cites Ohio Supreme Court Practice Rule ("Ohio S.Ct.Prac.R.") 7.01(A)(1)(a)(I), which states that to perfect an appeal "the appellant shall file a notice of appeal in the Supreme Court of Ohio within forty-five days from the entry of judgment being appealed." Continuing, Respondent cites Ohio S.Ct.Prac.R. 7.01(A)(1)(b), which indicates that an appellant must attach a memorandum in support of jurisdiction to perfect an appeal. *Id.*

Respondent asserts that Petitioner filed a timely notice of appeal to the Supreme Court of Ohio on November 17, 2014, but did not attach a memorandum in support of jurisdiction as required by the applicable rules set for by the Supreme Court of Ohio. ECF Dkt. #5 at 10. As for the second notice of appeal Petitioner filed in the Supreme Court of Ohio, along with a motion to file a delayed appeal, Respondent states that the Supreme Court of Ohio declined Petitioner's request for leave to proceed with his delayed appeal. *Id.* at 10-11. Respondent contends that Petitioner has thus failed to abide by Ohio's timely filing requirements and the Supreme Court of Ohio enforced the timely-filing rule by denying Petitioner's motion to file a delayed appeal. *Id.* at 11. Additionally, Respondent indicates that this denial constitutes an adequate and independent state ground on which federal review is foreclosed. *Id.* For these reasons, Respondent asserts that twelve of Petitioner's thirteen claims are procedurally defaulted. *Id.*

Regarding the thirteenth claim, the claim for ineffective assistance of counsel contained in Petitioner's eleventh ground for relief, Respondent states that Petitioner raised this claim in his Ohio App. R. 26(B) motion to reopen. ECF Dkt. #5 at 11. Continuing, Respondent asserts that after the Third District Court of Appeals denied his motion to reopen, Petitioner did not file an appeal to the Supreme Court of Ohio. *Id.* Further, Respondent states that Petitioner now raises different claims

regarding ineffective assistance of counsel than the claims presented to the Third District Court of Appeals. *Id.* Respondent asserts that Petitioner has not presented the instant ineffective assistance of counsel claims to any Ohio court and the claims are barred by *res judicata*. *Id.* at 12. Based on these reasons, Respondent contends that Petitioner has procedurally defaulted all claims unless he can demonstrate cause and prejudice. *Id.*

Moving to cause and prejudice, Respondent states that Petitioner has not demonstrated cause and prejudice to excuse the untimely filing of his discretionary appeal or failure to appeal the denial of his Ohio App. R. 26(B) motion to reopen. ECF Dkt. #5 at 12. Respondent states that Petitioner has not alleged cause or prejudice to excuse his default, but that he did state that his memorandum in support of his appeal to the Supreme Court of Ohio was untimely due to a mailing delay caused by Thanksgiving. *Id.* at 12-13. Continuing, Respondent states that the Sixth Circuit has found cause and prejudice to excuse a procedural default when a prisoner gave his filing to prison officials for mailing five or six days before a deadline, yet the filing arrived in the state court after the deadline and was deemed untimely. *Id.* at 13 (citing *Henderson v. Palmer*, 730 F.3d 554 (6th Cir. 2013); *Foster v. Warden, Chillicothe Corr. Inst.*, 575 Fed. App'x 650 (6th Cir. 2014)). Respondent contends that the instant case is distinguishable since: (1) Petitioner has not submitted any evidence supporting his claim that he gave his Supreme Court of Ohio filings to prison officials early enough to be mailed in a timely manner; and (2) the delay cause by Thanksgiving is not attributable to the state and Petitioner cannot reasonably claim that it was a surprise that the postal service did not operate on the holiday. *Id.*

According to Respondent, Petitioner has made an unsupported and self-serving allegation of cause and prejudice, but has not demonstrated cause and prejudice to excuse his untimely filing and resulting default. ECF Dkt. #5 at 13. Specifically, Respondent states that: Petitioner has not provided any evidence that he actually mailed a memorandum in support of jurisdiction when he filed his appeal to the Supreme Court of Ohio; the docket for Petitioner's Supreme Court of Ohio case does not reflect the filing of a memorandum in support of jurisdiction; Petitioner has not

attached a letter from the Supreme Court of Ohio rejecting his submission as untimely; and Petitioner has not provided a cash withdrawal slip reflecting the submission of his filing to prison officials for mailing. *Id.* Additionally, Respondent asserts that Petitioner has not alleged cause and prejudice for his failure to raise the instant claims in his Ohio App. R. 26(B) motion to reopen or failure to appeal the Third District Court of Appeals' denial of the motion to reopen.[2] *Id.*

In his traverse to Respondent's return of writ, Petitioner asserts that he is not versed in law or the judicial process, and that he was reliant on the assistance of others during his case. ECF Dkt. #9 at 1-2. Petitioner claims that he immediately filed a delayed notice of appeal once he learned that he was required to file a memorandum in support of jurisdiction when he appealed to the Supreme Court of Ohio. *Id.* at 2. Continuing, Petitioner reiterates his belief that his counsel was ineffective and asserts that "responsibility for the default be imputed to the State." *Id.* at 2-3. Petitioner then recognizes that a habeas petition that is subject to procedural default is reviewable if the petitioner can show cause and prejudice, but does not attempt to show cause or prejudice other than stating that his counsel was ineffective. *Id.* at 4-5.

Next, Petitioner states that his incarcerated status presented significant barriers to the filing of his appeals. ECF Dkt. #9 at 5. Petitioner further indicates that his ineffective assistance of counsel claim required significant post-trial investigation and that the filing of the habeas petition was "difficult without assistance of counsel." *Id.* at 6. Continuing, Plaintiff states that his counsel's failure to argue mitigating circumstances during the penalty phase of his trial constitutes ineffective assistance of counsel. *Id.* at 7-8. Finally, Petitioner claims that his counsel's conduct fell below the objective standard of reasonableness. *Id.* at 9.

Petitioner's argument is without merit. As stated above, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal

---

[2]Respondent also alleged further procedural defaults and presents arguments on the merits. ECF Dkt. #5 at 14-52. The Court need not address these arguments as Petitioner has procedurally defaulted all of the grounds for relief presented in his habeas petition.

law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 751. "Cause" is a legitimate excuse for the default and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby*, 741 F.2d at 244. If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith*, 477 U.S. at 527.

As an initial matter, Petitioner's assertions that he is not a lawyer and is incarcerated are not material to the determination of whether the claims presented in his habeas relief are subject to procedural default. Petitioner did not have a right to an attorney for the purpose of filing his appeal to the Supreme Court of Ohio or his habeas petition, and the AEDPA applies to incarcerated individuals by design. Likewise, Petitioner's claim that he failed to properly appeal to the Supreme Court of Ohio within the forty-five day appeal period is due to ineffective assistance of counsel is unconvincing as Petitioner had no right to an attorney when he appealed to the Supreme Court of Ohio. In fact, the attorney that represented Petitioner on direct appeal explicitly informed Petitioner that his court-appointed representation was concluded when the Third District Court of Appeals denied Petitioner's direct appeal. Accordingly, Petitioner was informed and should have been aware that it was his responsibility to comply with the procedural requirements of the Supreme Court of Ohio. *See* ECF Dkt. #1-1 at 22. The Supreme Court of Ohio denied Petitioner's appeal since he did not comply with the applicable procedural requirements and rules. ECF Dkt. #5-1 at 234. When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee*, 929 F.2d at 265.

As for Plaintiff's new ineffective assistance of counsel claim regarding his Ohio App. R. 26(B) motion, raised in ground eleven of his habeas petition, Petitioner did not file an appeal in the Supreme Court of Ohio. As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin*, 541 U.S. at 29. The exhaustion requirement

is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin*, 811 F.2d at 325. To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong*, 142 F.3d at 322; *see also McMeans*, 228 F.3d at 681. Petitioner never appealed the denial of his Ohio App. R. 26(B) motion and, therefore, failed to exhaust the new claims presented in his eleventh ground for relief. Moreover, Petitioner now raises additional new claims regarding his post-conviction actions that were never presented to the state courts. *See* ECF Dkt. #1-1 at 16-19. Accordingly, Petitioner has failed to exhaust the claims presented in his eleventh ground for relief. For these reasons, Petitioner's habeas petition must be dismissed unless he can demonstrate cause and prejudice.

Regarding cause and prejudice, Petitioner repeatedly states that his counsel was ineffective. ECF Dkt. #9. As stated above, Petitioner did not have a right to assistance of counsel when he filed his appeal to the Supreme Court of Ohio. Additionally, Petitioner claims that he "was not made aware of the Rules of the Ohio Supreme Court until it was totally too late." ECF Dkt. #9 at 5. Petitioner's appellate counsel informed him that the deadline for his appeal to the Supreme Court of Ohio was November 28, 2014. ECF Dkt. #1-1 at 22. A review of the docket of the Supreme Court of Ohio shows that Petitioner filed his incomplete notice of appeal on November 17, 2014. ECF Dkt. #5-1 at 377. The Supreme Court of Ohio dismissed the appeal for want of prosecution on December 4, 2014. *Id.* Petitioner did not mail his second notice of appeal and motion for delayed appeal until December 29, 2014.[3] The Supreme Court of Ohio then denied Petitioner's motion for a delayed appeal. ECF Dkt. #5-1 at 378.

Petitioner has failed to show a legitimate excuse for the procedurally defaulted claims addressed above and has thus failed to establish cause for his procedural default. Although Petitioner claims that he did not know that he was required to comply with the applicable rules when filing, he fails to explain how any objective factor influenced his failure to comply with state

---

[3]The Supreme Court of Ohio, Case Information, http://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2015/0071 (last visited October 24, 2018).

procedural rules. *See Murray*, 477 U.C. at 488. The Supreme Court of Ohio declined to address Petitioner's claims because he failed to comply with a state procedural requirement. *See Waintwright*, 433 U.S. at 87. Accordingly, this Court is not required to address the merits of Petitioner's habeas petition. *See McBee*, 929 F.2d at 265.

Therefore, the four-part *Maupin* test, set forth by the Sixth Circuit to determine whether a claim has been procedurally defaulted, has been satisfied as to all of Petitioner's claims since: (1) the filing requirements set forth by the Supreme Court of Ohio are firmly established state procedural rules and Petitioner failed to comply; (2) the Supreme Court of Ohio invoked a procedural rule; (3) the Supreme Court of Ohio's decision invoked a procedural bar that rests on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision; and (4) Petitioner has failed to show cause and prejudice. *See* 785 F.2d at 138. Further, Petitioner's new ineffective assistance of counsel claim raised in his habeas petition has not been exhausted since the claim has not been presented to any state court. For these reasons, the undersigned recommends that the Court dismiss Petitioner's habeas petition in its entirety with prejudice.

## VII. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS Petitioner's petition for a writ of habeas corpus (ECF Dkt #1) in its entirety with prejudice

Date: October 26, 2018         */s/ George J. Limbert*
                               George J. Limbert
                               United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Crim. P. 59. Failure to file objections within the specified time constitutes a WAIVER of the right to appeal the Magistrate Judge's recommendation. *Id.*